UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phillip Lee Spears, #297965,            ) | |
|                                          ) | C/A No. 6:13-00621-JMC-KFM |
| Plaintiff,     ) | |
|                                          ) | |
| vs.                                      ) | **REPORT AND** |
|                                          ) | **RECOMMENDATION** |
| Aubrey G. White; Michael Matthews; Keisha ) | |
| Taylor; Audrey Crum; Robert Stevenson    ) | |
|                                          ) | |
| Defendants.    ) | |
| _____ ) | |

The plaintiff, Phillip Lee Spears ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate of the South Carolina Department of Corrections ("SCDC") and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint claims the defendants wrongfully and publicly identified Plaintiff as a sex offender on the SCDC website's inmate database by incorrectly stating a requirement for him to register as a sex offender. Plaintiff claims violation of his constitutional rights, as well as libel, for which he seeks monetary damages. The complaint should be dismissed for failure to state a claim on which relief may be granted.

**INITIAL REVIEW**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, this magistrate judge is authorized to review all pretrial matters in cases filed by prisoners and submit findings and recommendations to the district court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal

construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) *(*quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

The complaint alleges violation of due process under the Fifth and Fourteenth Amendments because Plaintiff was incorrectly designated as a sex offender on the SCDC website in the publicly accessible inmate database. Plaintiff alleges he was convicted of kidnapping, but the sentencing record indicated it was not an offense requiring registration as a sexual offender. However, he claims the defendants, SCDC employees, placed him on the SCDC website as a sex offender, which caused his family and friends to abandon him. Plaintiff states he eventually prevailed in his efforts to have SCDC change the sex offender designation in the inmate database. The complaint also alleges libel, a state law

claim. The complaint acknowledges that Plaintiff has a state court case pending against the same defendants as in this federal case based on the same facts.

The factual allegations of the complaint fail to establish the violation of a right secured by the Constitution or laws of the United States. Although Plaintiff claims violation of due process under the Fifth and Fourteenth Amendments, his factual allegations are based on injury to his reputation alone, which does not implicate due process in these circumstances. The Fifth Amendment's Due Process Clause provides protection against federal government actions, and the complaint does not identify any federal action or actors that could be construed as involving Fifth Amendment due process rights. The complaint involves actions of state employees, which could implicate the protections of the Fourteenth Amendment's Due Process Clause. However, the factual allegations indicate injury to Plaintiff's reputation based on inaccurate SCDC records published on the SCDC website, which does not rise to the level of a constitutional violation.

An individual's reputation alone is not a protected liberty or property interest, and without more, defamation or stigmatization by the government does not give rise to any right to constitutional due process. *See Paul v. Davis*, 424 U.S. 693, 694, 711–12 (1976); *Siegert v. Gilley*, 500 U.S. 226, 233–34 (1991). In *Paul*, the plaintiff sued a chief of police under 42 U.S.C. § 1983 for circulating fliers that falsely listed him as a shoplifter when, in fact, he had been arrested for shoplifting, but the charges had been dismissed. *Paul v Davis*, 424 U.S. at 695–96. The plaintiff in *Paul* argued that the fliers defamed him and the stigma to his reputation deprived him of a liberty interest under the Fourteenth Amendment. The Court held that his complaint did not amount to a cognizable § 1983 claim for violation of due process under the Fourteenth Amendment. *Id.* at 711. Plaintiff's

allegations are similar in that he claims that the inaccurate SCDC records that label him as a sex offender, published on the SCDC website inmate database, damaged his reputation. He also claims "he has a liberty interest protected by due process in avoiding being labeled as a sex offender." ECF No. 1 at 7. In *Siegert*, the Supreme Court, citing *Paul*, reiterated that damage to reputation, "by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." 500 U.S. at 233. Civil rights statutes, such as § 1983, do not impose liability for violations of duties of care arising under a state's tort law. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200–03 (1989). In fact, Plaintiff has a pending state case against the defendants concerning the same factual allegations in which he can bring his state law claims.

Even if Plaintiff's reputation could be considered a liberty or property interest that is protected by the procedural requirements of due process, Plaintiff, in this case, received procedural due process. The SCDC inmate grievance system provided Plaintiff with an opportunity to be heard concerning the accuracy of the information in the SCDC website inmate database. The complaint acknowledges that Plaintiff filed a step one grievance in the SCDC inmate grievance system, which was denied by the warden, Defendant Stevenson. ECF No. 1 at 6. The appeal of that decision in Plaintiff's step two of the grievance process resulted in the change Plaintiff sought. The SCDC website inmate database was modified to no longer designate Plaintiff as a sexual offender. Accordingly, the complaint fails to state a claim for violation of procedural due process under the Fourteenth Amendment.

## RECOMMENDATION

Based on the foregoing, it is recommended that the complaint be dismissed *without prejudice* for failure to state a claim under 42 U.S.C. § 1983.

s/ Kevin F. McDonald
United States Magistrate Judge

May 7, 2013
Greenville, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 E. Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).