# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Phillip Lee Spears, #297965,                )<br>                                             )<br>                    Plaintiff,           )<br>                                             )<br>v.                                          )<br>                                             )<br>Aubrey G. White; Michael Matthews;   )<br>Keisha Taylor; Audrey Crum; Robert   )<br>Stevenson,                                )<br>                                             )<br>                    Defendants.        )<br>_____)   | Civil Action No.: 6:13-cv-00621-JMC<br><br>**ORDER AND OPINION** |

Plaintiff Phillip Lee Spears ("Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights. (ECF No. 1). Plaintiff is an inmate of the South Carolina Department of Corrections ("SCDC") and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff claims that defendants wrongfully and publicly identified Plaintiff as a sex offender on the SCDC website's inmate database by incorrectly stating that he was required to register as a sex offender. (ECF No. 1.) Plaintiff also asserts a claim against defendants for libel, and seeks monetary damages. (ECF No. 1).

This matter is before the court pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss civil actions filed *in forma pauperis* if they are frivolous or fail to state a claim upon which relief can be granted. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Kevin McDonald for a Report and Recommendation. On May 7, 2013, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court dismiss Plaintiff's complaint without prejudice. (ECF No. 10.) This review considers Plaintiff's Objections to the Magistrate's Report

1

and Recommendation ("Objections"), filed May 7, 2013. (ECF No. 12.) The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a recitation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

This court has conducted a *de novo* review of the issues in this case and concludes that the Magistrate Judge has properly applied the applicable law. The court specifically reviewed those conclusions of the Magistrate Judge which were mentioned in Plaintiff's Objections.

The Magistrate Judge properly determined that the damage to Plaintiff's reputation caused by defendants wrongfully identifying him as a sex offender is not actionable under 42 U.S.C. § 1983 because reputation is not a protected liberty interest. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (noting that injury to reputation is not a protected interest under the Fourteenth Amendment, but may be a tort actionable under state law). (ECF No. 10 at 3). Further, the Magistrate Judge determined that even if Plaintiff's reputation were a protected liberty interest protected by the Fourteenth Amendment, Plaintiff received procedural due process through the SCDC inmate grievance system whereby he prevailed on his claim. (ECF No. 10 at 4).

Plaintiff's Objections largely consist of detailed explanations of relevant case law regarding due process. Although Petitioner provides detailed examinations of multiple cases, he fails to explain how those cases demonstrate the Magistrate Judge's reasoning is incorrect. Plaintiff maintains that he did not receive due process because he never received notice from SCDC that he was being wrongfully identified as a sex offender. The failure of SCDC to provide notice to Plaintiff prior to wrongfully identifying him as a sex offender is not a violation of procedural due process because the injury to reputation that Plaintiff complains of is not a protected liberty interest. *See Tigrett v. Rector and Visitors of University of Virginia*, 290 F.3d 620, 628 (4th Cir. 2002) ("The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'")(internal citations omitted). Accordingly, the Magistrate Judge was correct in determining that Plaintiff's complaint fails to state a claim for violation of procedural due process under the Fourteenth Amendment.

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 10). It is therefore ordered that Plaintiff's complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 9, 2015
Columbia, South Carolina

3